***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award of the Deputy Commissioner. The Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement as:
 STIPULATIONS
1. The date of the incident giving rise to this claim is May 31, 2000.
2. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act on all relevant dates herein.
3. On all relevant dates herein, an employee-employer relationship existed between plaintiff-employee and defendant-employer.
4. The carrier on the risk at all relevant times herein was Federal Rural Electric Insurance.
5. Plaintiff's average weekly wage is to be determined from the Industrial Commission Form 22 Wage Chart to be submitted by defendants, and covering the period from May 31, 1999 to May 31, 2000.
6. At the hearing before the Deputy Commissioner, plaintiff submitted a letter from defendant-employer to plaintiff dated August 9, 2000, which was admitted into the record and marked as Plaintiff's Exhibit (1), and a transcript of a recorded statement, which was admitted into the record and marked as Plaintiff's Exhibit (2).
7. Also at the Deputy Commissioner hearing, defendants submitted an Acknowledgement of Receipt of Employee Handbook, which was admitted into the record and marked as Defendants' Exhibit (1), and a Statement of Defendant-Employer's Workers' Compensation Policies, which was admitted into the record and marked as Defendants' Exhibit (2).
8. At the Deputy Commissioner hearing, the parties submitted Industrial Commission Forms 18, 19, 22, 33, 33R, and 61, which were admitted into the record and marked collectively as Stipulated Exhibit (2).
9. The issues to be determined by the Commission are as follows:
 a. Whether plaintiff sustained an injury by accident or specific traumatic incident on May 31, 2000;
 b. If so, whether any injury sustained by plaintiff was proximately caused by said accident or specific traumatic incident, and;
c. If so, to what benefits, if any, is plaintiff entitled.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the Deputy Commissioner hearing, plaintiff was fifty-nine years of age, with his date of birth being September 11, 1941. Plaintiff did not complete high school, but obtained his GED. Plaintiff's work history includes jobs associated with power or electrical lines.
2. On the date of the incident giving rise to this claim, plaintiff had been employed by defendant-employer as a lineman for approximately six (6) years. In that capacity, plaintiff earned $21.83 per hour, working ten (10) hours per day, five (5) days per week.
3. On May 31, 2000, plaintiff was employed as a lineman and was participating in a work-related safety training exercise known as a pole top rescue. This training exercise required plaintiff to climb a utility pole, tie a rope around a dummy, and descend the pole with the dummy, within five (5) minutes. The dummy used in this exercise weighed one-hundred and eighty (180) pounds.
4. Plaintiff performed the pole top rescue within the time limitation, and without apparent difficulty. Additionally, there were no complaints, or reports of any injury by plaintiff to defendant-employer on the date in question. However, at the Deputy Commissioner hearing, plaintiff testified that he experienced tingling, and numbness in his lower back, hips, knees and ankles during and just after the exercise.
5. At the Deputy Commissioner hearing, Kenny Hooper, Michael Gray, Paul Flythe, and Howard Tolson, coworkers and friends of plaintiff, testified regarding plaintiff's physical condition. Each of these witnesses testified recalling plaintiff complain about weakness or tiredness in his legs following his descent from the pole on May 31, 2000, and during the months thereafter. Additionally, Mr. Hooper, Mr. Gray and Mr. Flythe could not recall whether plaintiff had made similar complaints prior to May 31, 2000.
6. Regarding plaintiff's physical condition prior to May 31, 2000, on February 17, 2000, he was examined his family physician, Dr. Stafford Taylor, for a persistent cough, rash and occasional chest discomfort. On May 11, 2000, plaintiff returned to Dr. Taylor with complaints of fatigue and vague discomfort in lower extremities. Dr. Taylor diagnosed plaintiff as having high blood pressure, generalized fatigue, weakness and vague discomfort to the lower extremities, and a heart murmur.
7. Plaintiff did not seek medical attention for his back condition until August 1, 2000, when he was examined by Dr. Francis M. McCarthy, an orthopaedic surgeon. Plaintiff was referred to Dr. McCarthy by Dr. Taylor. On that date, plaintiff complained of lumbar back pain radiating into his buttocks. During this initial examination, Dr. McCarthy took a history from plaintiff. Although such histories do not always document everything reported by a patient to Dr. McCarthy, plaintiff specifically denied experiencing any trauma to his back within the previous six (6) month period. In fact, plaintiff related his condition to a back injury which occurred in 1996.
8. Plaintiff returned to Dr. McCarthy on August 8, 2000 to review an MRI taken on August 2, 2000. Based upon the MRI, his examinations and plaintiff's history, Dr. McCarthy felt that plaintiff's back condition was the result of degenerative disk disease and spondylolisthesis at the L3-L4 levels. Although Dr. McCarthy did testify that, in general, certain activities could exacerbate plaintiff's condition, Dr. McCarthy did not causally relate any such exacerbation to any work related incident.
9. Based upon the credible evidence of record, plaintiff's testimony that he informed Dr. McCarthy that he injured his back in a pole top rescue is not given any weight by the Full Commission.
10. At issue before the Commission is the date upon which plaintiff first notified defendants of his claim that his back condition was related to an incident at work. Earl Fountain, plaintiff's supervisor, testified that he did not learn of such a claim until August 3, 2000. Kim Montgomery, defendant-employer's administrative assistant, was also first informed by plaintiff his alleged work related injury on August 3, 2000. An Industrial Commission Form 19 was completed by defendant-employer on either August 3 or August 5, 2000.
11. At the Deputy Commissioner hearing, plaintiff testified that he delayed notifying defendant-employer of his claim because he believed his condition would eventually resolve. Plaintiff further testified that contrary to his initial belief, his back condition gradually worsened over time.
12. Plaintiff also received treatment of his back from Dr. Seaborn Blair. The medical records of Dr. Blair reflect that plaintiff was seen by Dr. Blair in June 2000, but did not report any work related injury at that time. Plaintiff was also examined by Dr. Blair on August 10, 2000. Records from that date indicate that plaintiff reported experiencing back problems, and that he had been released to light duty work. However, the records from August 10, 2000 do not contain any reference to any work related incident. The first notation of such an incident was made by Dr. Blair during an examination on August 18, 2000.
13. The Deputy Commissioner did not find credible plaintiff's testimony concerning an injury by accident on May 31, 2000 or his explanation of his delay in notification to doctors and defendant-employer. Based upon the totality of the lay and medical evidence of record, the Full Commission declines to reverse the credibility ruling of the Deputy Commissioner who had an opportunity to observe plaintiff and hear his testimony.
14. The greater weight of the evidence supports a finding that plaintiff had a long standing history of the same type of pain which he contends developed after the alleged incident on May 31, 2000.
15. Based upon the credible evidence of record, the Full Commission finds plaintiff did not sustain an injury by accident or specific traumatic incident of the work assigned arising out of and in the course of his employment with defendant-employer on May 31, 2000.
 ***********
Based upon foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on May 31, 2000. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. Id.
 ***********
Based upon the foregoing, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be and is HEREBY DENIED.
2. Defendants shall pay the costs due this Commission.
This ___ day of February 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
LKM/kjd